Parsons, C. J.
Upon this indictment, which was for maliciously and wilfully burning two stacks of hay, and one stack of straw, the property of William Harvey, the defendant has been tried and found guilty; and he moves in arrest of judgment, because the burning is not alleged to have been done feloniously, when the of-fence is made felony by statute.
The first question is whether the offence is felony by statute The statute for the punishment of incendiaries passed March 16, 1805, and upon the construction of this statute must depend the determination of this question.
The first section, which prohibits the burning of any dwelling-house in the night, provides that every offender, and every person present, aiding and abetting, and every accessory before the fact, who shall be duly convicted of the felony or offence aforesaid, shall suffer death.
The second section, which prohibits the burning of a dwelling house in the day, or the burning in the night of buildings erected for public use, or the store, barn or stable of another within the curtilage of a dwelling-house, provides that every such offender, and any person present, aiding and abetting, or accessory before the fact, who shall be duly convicted of either of the felonies or offences aforesaid, shall be punished by solitary imprisonment, and confinement to hard labor for life.
The third section, which prohibits the burning of buildings for public use in the day, and of certain other buildings, including vessels, whether in the day or in the night, provides, that the offender, and any person aiding or consenting (leaving out the [ * 256 ] word present) being duly convicted thereof (not * of either of the felonies or offences aforesaid), shall be punished by solitary confinement, hard labor, fine, or imprisonment.
The fourth section, which prohibits the offence of which the defendant is indicted, and other malicious burnings of a similar *225 nature (not including buildings or vessels), provides for the like punishment of every such offender, and of any person aiding or consenting, on being convicted thereof, as is mentioned in the third section.
The fifth section, on which the question arises, provides for the punishment of any person as accessory after the fact, who shall, after such felony or offence, committed by any incendiary in manner as aforesaid, knowingly conceal or assist such offender, or any accessory before the fact in any such felony or offence.
It is urged that, as this section provides for the punishment of accessories, after the fact, to all the malicious burnings prohibited by the statute, all those burnings must necessarily be considered as felonies, for there can be no accessory after the fact to a misdemeanor.
It must be allowed that the legislature are not bound to use technical expressions in their statutes; but whatever manifestly appears to be the intention of the General Court, if within its constitutional powers, must have the force of law. It may therefore be admitted, that, if the statute has provided for the punishment of accessories after the fact, as such, to the offence of which the defendant is indicted, the offence within the true intent of the statute must be deemed a felony, because otherwise, there could not be to it any accessory after the fact.
The offences referred to. in the fifth section, are there calleo felonies, and provision is made for punishing as an accessory after the fact, any person who shall, after the felony be committed, maintain or assist the principal offender, or the accessory before the fact to such felony. If this section applies to the offences described in the fourth section, the objection to the indictment seems to be well founded.
The offences prohibited in the first and second sections, are there considered as felonies, and the accessories before the fact are expressly named. There are, therefore, offences described in the statute, to which the fifth section may apply, without * extending it to the third and fourth sections. [ * 257 ] In these sections, the offences described are not called felonies, and accessories before the fact are not named expressly, nor by any reasonable implication; for the words “ aiding and con senting in the commission of the offence ” naturally include all thus aiding and consenting, whether present or absent, and so are principals in a misdemeanor, and do not necessarily extend to accessories before the fact, who in the statute are not described as persons aiding and consenting in the commission of the offence, but as counselling, hiring or procuring it to be committed.
*226 The doubt has arisen from the very general words in the fifth section, which are, “ If any person, after any felony or offence done and committed by any incendiary in any manner as aforesaid, shall knowingly,” &c. But it is reasonable that these last words should be restrained by the word felony preceding in the same sentence. For, in the construction of penal statutes, where there is any doubt in the case, it is the duty of the Court- so to construe them as not to multiply felonies, unless the construction be supported by express words, or by a reasonable implication.
There is also a particular reason for not considering the offences in the fourth section as felonies. Among the offences described in that section, is the offence of maliciously maiming or disfiguring the cattle of another; which cannot be considered as an offence committed by an incendiary. And it would be unreasonable to suppose that the legislature should prohibit, in the same section of the statute, a variety of offences, annexing the same penalty to all in the same words, and at the same time should contemplate some of those offences as felonies, and others of them as misdemeanors.
And there is another reason why the provisions in the fifth section should not refer to the offences described in the fourth section, for the punishment that may be inflicted on a principal convicted of any of the offences in the fourth section, is less than is provided for an accessory after the fact by the fifth section ; and it cannot be presumed that the legislature intended that an accessory [ * 258 J after the fact should in *any case be punished more severely than the principal offender.
We are, therefore, of opinion that the words of the fifth section are satisfied by confinL.g them to the offences described in the two first sections; and that they do not extend to the offences prohibited in the third and fourth sections; and that the judgment be not arrested.
As to the second objection, that a misdemeanor cannot be indicted as a felony, it ought to prevail, if the offence charged in the indictment is a felony. The cases of Rex vs. Cross Of Wife, Lord Raym. 711, Rex vs. Wild, 8 Mod. 264. in a note to the case of Rex vs. Pollard, and also Foster’s Crown Law, Disc. 3, $ 6, are authorities in point.