The Court

observed that, anciently, an attempt to commit murder was held to be a felony at common law, according to the maxim, Voluntas pro facto reputatur; but that when Staundforde wrote, and ever since, the attempt only has not been considered as a felony, but as a misdemeanor highly aggravated. (1) The indictment, therefore, properly described the offence as a trespass, unless it was made felony by the statute on which it was drawn. By the words of this statute, every person who shall, with a dangerous weapon, and with an intention to murder, assault another, shall, upon conviction, be deemed a felonious assaulter, and shall be punished by imprisonment, or confinement to hard labor.
It was argued that, because the offender, on conviction, shall be deemed a felonious assaulter, the statute had made the offence felony.
But the Court said that, in the construction of a penal statute, a misdemeanor could not be considered as made a felony, but by express words, or by necessary implication. Generally, new felonies are created by express words, as, by declaring that the offence shall be taken to be a felony, or * that the offend- [ * 440 ] er shall be deemed a felon. And when a statute provides for the punishment of the accessories after the fact, as distinct offenders, the perpetrators of the fact must be considered as felons, Decause to felony only are there accessories after the fact. But, in this statute, the word felonious may be applied to the disposition of the mind of the offender, as aggravating a misdemeanor, and not as descriptive of the oftence.

 Staun. P. C. 17. — 1 Lev. 146, Bacon’s case.