NICHOLS and another vs. THE STATE.

CRIMINAL LAW: INDICTMENT: INFORMATION. (1) *What offenses admit of accessaries before the fact.* (2, 3) *Conclusion of indictment, and of information.*

1. Under the statutes of this state, every offense which is punishable by imprisonment in the state prison, admits of *accessaries before the fact.* R. S., ch. 170, secs. 1, 2, 14. COLE, J., dissents.

2. The state constitution (art. VII, sec. 17) requires every *indictment* to conclude " against the peace and dignity of the state." In case of an indictment with two counts, one against the principal and another against an accessary before the fact, if the *latter* count contained the said formula, the court would probably be justified (in view of the uselessness of such formula) in holding this a sufficient compliance with the constitution.

3. The constitutional provision above recited does not apply to a *criminal information* filed by the district attorney. And, although the statutory form of an information (Laws of 1871, ch. 137, secs. 10, 11; Tay. Stats., 1931, secs. 25, 26) contains said formula, its omission will not invalidate an information.

ERROR to the Circuit Court for *Columbia* County.

The case is stated in the opinion.

*J. R. McBride* and *B. F. French*, for plaintiffs in error, argued, 1. That the information against *Julia Nichols* was insufficient because it did not conclude "against the peace and dignity of the state of Wisconsin" (Const. of Wis., art. VII, sec. 17; *Williams v. The State*, 27 Wis., 402); and the principal not being properly charged, the information against the alleged accessary must fail.   2. That it is only in the case of felonies that there can be accessaries either before or after the fact (4 Denio, 139; 2 Hill, 558; 1 Wis., 184); that the offense charged against *Julia Nichols* is only a misdemeanor at the common law; that the fact of its being punishable, under our statutes, by imprisonment in the state prison, does not make it a felony; that the statutory rule as to how the word "felony" shall be construed "when used in any statute," does not convert

offenses which are mere misdemeanors at the common law into felonies, when they are punishable by imprisonment in the state prison (*Wilson v. The State*, 1 Wis., 184); that the degree of punishment is no test of felony; that petit larceny is a felony at common law, and has never been made a misdemeanor by statute, yet the punishment therefor is by imprisonment in the county jail; that our statutes, in numerous instances, declare offenses to be *misdemeanors*, while declaring them punishable by imprisonment in the state prison (Tay. Stats., 1834, § 55; id., 1843, § 29; id., 1848–9, § 50; id., 1851, § 61; id., 1897, § 5); and that our statute defining the word felony when used in a statute, is derived from New York (2 R. S. of N. Y., p. 702, sec. 30), and has frequently been construed by the courts of that state. *Keyser v. Harbeck*, 3 Duer, 373; *People v. Ellis*, 15 Wend., 371; *Andrew v. Dieterich* 14 id., 31; *Robinson v. Dauchy*, 3 Barb., 20; 1 Wis., 184.

*The Attorney General*, for the state, argued, 1. That the constitution of this state requires *indictments* only, and not informations, to conclude "against the peace," etc. 2. That under our statutes every person who shall procure any offense to be committed, which shall be punishable by imprisonment in the state prison, may be convicted as an accessary. Tay. Stats., 1897, § 6; id., 1903, § 2; id., 1906, § 14; *The People v. Park*, 41 N. Y., 21.

LYON, J. An information was filed in the circuit court against the plaintiffs in error, in which it was charged, in apt and proper terms, that the said *Julia Nichols* had theretofore concealed the death of a child, the issue of her body, which, had it been born alive, would have been a bastard, so that it might not be known whether such issue was born alive or not, or whether it was not murdered; and that *Dudley*, the other plaintiff in error, incited and procured her to commit such offense. The paragraph of the information which sets out *Julia's* offense, does not conclude with the formula " against

the peace and dignity of the state of Wisconsin;" but the paragraph thereof which sets out the offense of *Dudley*, does so conclude.

It will readily be perceived that the information is exhibited against *Julia* as the principal offender against the provisions of the R. S., ch. 170, sec. 6 (Tay. Stats., 1897, § 6), and *Dudley* as an accessary before the fact, pursuant to R. S., ch. 172, sec. 2 (Tay. Stats., 1903, § 2). The plaintiffs in error were both convicted of the offense charged against them respectively, and sentenced each to pay a fine of one hundred dollars.

But two questions are presented for determination: 1. Can there be an accessary to the offense charged in the information to have been committed by *Julia Nichols?* and, 2. Is the omission of the formula above mentioned fatal to the information as against her?

1. At the common law there can be no accessaries to any offense below a felony. The offense charged in the information to have been committed by the female plaintiff in error is only a misdemeanor. Hence, in the absence of a statute on the subject, it would necessarily be held that this information cannot be sustained against *Dudley*.

It is provided by statute that every person who shall be accessary to any felony, before the fact, by counseling, hiring or otherwise procuring such felony to be committed, shall suffer the punishment prescribed for the principal felon, and such person may be informed against and convicted as an accessary before the fact, with the principal felon. (R. S., ch. 170, secs. 1 and 2.) Sec. 14 of the same chapter is as follows: "The term 'felony,' when used in any statute, shall be construed to mean an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in the state prison." (Tay. Stats., 1906, § 14). In *Wilson v. The State*, 1 Wis., 184, decided more than twenty years ago, section 14, just quoted, received a construction. It was there held that this statute does not make an offense a felony which is only a mis-

demeanor at the common law, but that it furnishes a definition of the term "felony" when the same is used in any statute. (P. 194). This construction has been acquiesced in ever since that decision was made, and is doubtless a correct exposition of the statute.

Applying that interpretation to sections one and two, above mentioned, they must be read as follows:

" Sec. 1. Every person who shall be aiding in the commission of any offense, for which the offender, on conviction, shall be liable by law to be punished by imprisonment in the state prison, or who shall be accessary thereto before the fact by counseling, hiring or. otherwise procuring such offense to be committed, shall be punished in the same manner as is or shall be prescribed for the punishment of the principal offender."

" Sec. 2. Every person who shall counsel, hire or otherwise procure any offense to be committed, for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison, may be indicted or informed against and convicted as an accessary before the fact, either with the principal offender," etc. (Tay. Stats., 1903, §§ 1 & 2.)

A person convicted of the principal offense charged in this information is liable by law to be punished by imprisonment in the state prison. (Id., 1897, § 6.) The conclusion is irresistible, that such offense, although not a felony, admits of accessaries, by virtue of the statute, and that *Dudley* could legally be informed against and convicted as an accessary before the fact to the offense charged in the information.

2. Are the words, "against the peace and dignity of the state," at the conclusion of the first paragraph of the information, essential to the validity of the information? The constitution (art. VII, sec. 17), provides that " all *indictments* shall conclude against the peace and dignity of the state." This formula is a mere rhetorical flourish, adding nothing to the substance of the indictment, and it is difficult to perceive why the mandate for its use was inserted in the constitution. Yet it is there, and

must be obeyed.   We enforced obedience to it in *Williams v. The State*, 27 Wis., 402.   Of course the accused cannot possibly be prejudiced or in any manner misled by the omission of the formula from an indictment, and the use of it is held necessary for the sole reason that the constitution ordains that it shall be used.

In view of the uselessness of the formula, the court would probably be justified in holding that a literal compliance with the constitutional mandate is sufficient, and hence, that if the indictment as a whole concludes in the prescribed form, no matter how many counts it may contain, this is all that is required.

But perhaps a better answer to the objection that the mandate of the constitution has been disregarded in this case, is, that we have here no *indictment*, but an *information*.   The former is an accusation by the grand jury, the latter by a district attorney; and while the constitution binds the grand jury to the use of a given form of expression in the conclusion of an indictment, it imposes no such obligation upon the district attorney in respect to an information.   It being a question of mere style, we find no good reason for extending the operation of the constitutional mandate beyond the limits prescribed by the language of the provision itself.   Its operation must therefore be confined to indictments.

It is true that the statute form of an information concludes with the formula under consideration.   Its use, however, is not indispensable to the validity of the information.   Laws of 1871, ch. 137, secs. 10 and 11 (Tay. Stats., 1931, §§ 25 and 26).

Our conclusion is, that the judgment and sentence of the circuit court, as against both of the plaintiffs in error, should be affirmed.

*By the Court.*—It is so ordered.

COLE, J., dissents on the first point.