DISSENTING OPINION.
The opinion of the Court was delivered by
Bermudez, C. J.
I respectfully differ from the majority of the Court on the question of the nature of the evidence required to prove the agency of a party to acknowledge and promise to pay notes of a deceased person prescribed on their face. I think that oral testimony *228 should not have been received to prove that agency, and that none but written evidence could have been admitted.
It is clear to every mind, that the law of 1858, relative to written evidence in certain cases, now Article 2278 of the R. C. C., and which is couched iu significant negative language, prohibits the admission by the Court of any oral testimony to prove an acknowledgment of a party deceased to pay any debt, in order to take such debt out of prescription, and exacts that the acknowledgment and promise to pay shall be established by written evidence, signed by the party alleged to have made the acknowledgment or promise, or by his specially authorized agent or attorney in fact.
This law has been declared to be one of public order, and that parties, by their conventions, cannot be permitted to derogate from the force of its provisions, and thus to nullify it in its application. 23 A. 747; 26 A. 221.
It is a law addressed to-the Judge for his official guidance, and which makes it Ms duty, proprio motu, to arrest the admission or introduction of verbal testimony, and when already administered, to ignore and disregard it completely.
The object of the law, in view of the appalling abuses prevailing in the days of its adoption, was to prevent the practice of fraud upon successions, and to that end, to silence the mouths of the negligent or mischievous living against the departed one, whose voice could be heard no more. 14 A. 274.
It is palpably a remedial law, levelled against the perpetration of fraud. As such, it should be liberally and beneficially expounded to suppress, as effectually as morally possible, the mischief, and advance the remedy.
In remedial cases, says Lord Mansfield, the construction of statutes is extended to other cases within the reason and rule of them. Atchison vs. Everitt, Cowp. 382, 391; see Duarris, p. 632; Sedgwick Const. of Statutes, 309; Cooley Const. Lim. No. 65; 1 Penn. 215; 1 Hammond, 256, 385, 481; 2 Hammond, 74; 4 Barb. 65; 3 Mass. 254; 4 Mass. 439; 6 Cal. 462; 52 Ill. 260; 7 Ind. 416; 2 Ohio St. N. S. 431; 7 Ohio, 247; 1 Maryland Ch. Decis. 342; 8 Maryland, 88; 9 Ga. 523; 2 N. J. 623; 19 Conn. 597; Coke Littleton, 268; 1 Blacks. 88; 4 Cranch. 224; Dudley, 182.
The impossibility of contradicting witnesses, testifying to acknowledgments and promises to pay debts, prescribed on their face by persons since deceased, and their consequent entire immunity from temporal punishment for false swearing, were no doubt the incentives which impelled the passage of such a law, requiring written evidence *229 and forbidding absolutely the introduction of verbal testimony in such •cases, however high the character of the witnesses offered might be.
It is true that the law does not, in as many words, require that the authority of the agent be in writing; but if it can be viewed as somewhat reticent on that subject, the reason for the omission can well be said to be that the legislature considered the principle that “ the agent to make a deed, miwt be authorised by deed,” so deeply rooted in our jurisprudence, that he deemed it superfluous to express it.
The law clearly designs, that when an acknowledgment and a promise to pay are alleged to have been made by the attorney of ono since deceased, the authority of that agent to make them vicariously for the principal, must be evidenced by a written power conferring it specially; in other words, the law forbids that evidence of an inferior grade or solemnity be admitted to establish against the estate of the principal, an authority to make acknowledgments and promises to pay debts apparently prescribed, which could not be received had they been averred as made by him in person.
If such were not the case, the essential proof required for the protection of estates could be dispensed with and easily substituted by resort to the prohibited oral proof, in order to establish the power to execute the written act.
To interpret the law differently, is practically to blot it entirely out of the Code.
It is patent to my mind, that where the law requires such a fact be proved by an act under the signature of the principal, or of his agent, sjieeially authorized, the authority of the principal to the agent, to make the written acknowledgment, must itself be in writing.
That power to acknowledge and promise to pay is itself an acknowledgment of the debt, which could not be proved directly against the principal’s estate or succession otherwise than in writing. How, then, could the acknowledgment by the agent be permitted to have been made so as to bind, unless upon written authority to make it 1
The rule of evidence applicable to this subject, is recognized by elementary writers and applied in numberless cases.
Kent says : “ Where any act is required to be by deed, the authority of the attorney to execute it must be commensurate in point of solemnity and by deed also. The agency must be antecedently given or be subsequently adopted.” See Gage vs. Gage, 10 Foster, 420.
Story on Agency says : “ Whenever any act of agency is required to be done in the name of the principal under seal, the authority to do the act must generally be conferred by an instrument under seal.”
A mere unsealed writing will not be sufficient to make the execution of the deed by the agent valid at law. * * * The ground of this *230 doctrine seems to be, that the power to execute an instrument under seal should' be evidenced by an instrument of equal solemnity, by analogy to theknown maxim of the common law, that a sealed contract can only be dissolved or released by an instrument of as high a dignity, or solemnity. JEodem modo quo oritur, eodem modo dissolutur. See Dig. L. 50, tit. 17, 1. 35; Pothier on Oblig. by Evans, Nos. 571 to 580.
Greenleaf concedes the proposition so absolutely, as a matter of course, that “the agent to make a deed must be authorized by deed,” that his efforts are directed to finding out exceptions. Yol. 1, § 269.
Wait (Actions and Defenses), in support of the proposition that “ whenever an act of agency is required to be done In the name of the principal under seal, the authority to the agent or attorney to do the act must be conferred by a like instrument,” refers to the following authorities: 5 N. Y. (1 Seld.) 229; 5 Binn. 613; 11 Ohio, 223; 5 B. Monroe (Ky.) 75; 6 Mees & Wells. 200; 22 Gratt (Va.) 600; 30 Ga. 278; 40 Mo. 69.
“ The long established rule is, that where an agent is to execute his authority by deed, it is absolutely requisite that the authority to do so should be under seal.” Ewell Evans on Agency, Ed. 1879, No. 17, on p. 26: also Roberts on Frauds, 355, 366; Paley on Agency, 158; Wait’s (A. & D.) Vol. 1, p. 218.
Precedents at common law, which may be invoked as supporting the admissibility of parol to prove an agency to do an act, the evidence of the doing or execution of which is in writing, must be taken cum grano,. subject to the purport and meaning of the term, in that system. 39 Wis. 614; 11 Ad. & E. 589; 3 Hill, 72. 8 M. & W. 840; 7 Cush. 371.
Parol there means that which may be or may not be in writing and which need not be in writing. The writing is accidental, not a prescribed or necessary formality.
Contracts which do not require a seal and may be valid whether in writing or by word of mouth, are probably classed as parol, for the idea is, to treat the writing as unimportant, not to deny it. Abbott Law Diet., Vo. Parol, p. 240; Ib. Vo. Deed, p. 354.
The requirement of our law for the production of a written instrument to prove certain facts is equivalent to that of the common law, in relation to acts or deeds under seal. R. C. C. 2234, 2235, 2240, 2242.
The exigencies in the one exist alike in the other system. The precedent invoked are of cases in which the act done was not required to be done under seal by the principal. Oral testimony is particularly excluded when the law, in negative language, forbids it from being received at all.
Our Code, Art. R. C. C. 2992, on the subject of mandate, is to the effect, that a power of attorney may be given either by public act or *231 by a writing under private signature, even by letter; that it can be given verbally, but of this testimonial proof is admissible only conformably to the title of conventional obligations.
By reference to Article 2275, under that heading relative to the reception of testimonial proof, the article under consideration, which ever since 1858 forms part of our law on the subject of evidence, is tó be found.
Commenting upon Article 1985 of the C. N., which is identically our Article 2992, on the subject of mandate, Troplong, in his remarkable work, says:
u Si l’existence du mandat était problématique et que l’une on l’autre des parties demandát á prouver oralement des fails que l’on qualifierait d’actes d’exécution pour arriver par cette voie détournée, á la preuve méme de la convention, ou devrait étre repoussé. Avant de donner á ces faits le noin d’actes d’exécution, il faudrait. établir l’existence antérieure du contrat auquel ils se ratachent et duquel ils découlent. Or, on n’a pas la preuve de cette existence; et si l’on aspire á se la procurer par la preuve des faits artioulés, on tourne dans un cercle vicieux. On ne fait pas attention qu’on n’exócute une convention qu’autant que cette convention existe, que si elle n’existe pas, l’exóeution alléguée n’est qu’un vain mot et que la preuve des faits n’est, en réalité, que la preuve de la convention elle méme, preuve interdite par la loi.’’ Mandat, p. 161-2, No. 146.
The rulings of the highest tribunal of this State have invariably recognized and crystalized the principle:
“ Whenever the law requires the contract to be in writing, the power to execute it must be in writing also.” 7 M. 243; 2 L. 596; 8 R. 242; 10 R. 35; 4 L. 168; 1 A. 72; 3 A. 332; 6 A. 525; 21 A. 548; 23 A. 196; 28 A. 678, down to 30 A. 900.
In 16 A. 150, Humphreys vs. Browne, the Court said:
“ The authority of the alleged agent to make such lease, is not established by legal evidence. As a party cannot be controlled in the order of introducing Ms evidence, the written agreement, signed by B. &. K. for H., was admissible; but could have no effect as proof, until the agency was shown by evidence of equal dignity, which was not adduced.”
It is an indisputable principle in the law of evidence, that -when the law requires the evidence of acts done to be in writing, the proof offered, In order to produce effect, must either be complete in itself, or be supplemented by evidence of the same rank or dignity, oral or verbal testimony not being admissible against or beyond what is contained in such acts, nor of what may have been said before, or at the time of making them, or since.
*232 For that reason, it has been held in a number of instances, which it would be idle to cite, that no oral or verbal testimony can be received to perfect the deficiencies in the written instrument, unless where error was alleged. The rule has been extended and applied even to cases in which the law did not require written evidence to prove the act, where such evidence, which could have been oral or verbal, was in writing.
■ Nevertheless, in cases in which real estate or real rights were involved, the Courts have allowed weight and given effect to oral and verbal testimony, admitted without objection; but this has never been done, and cannot be done, where, the evidence is required to be in writing and parties are denied the right of consenting to the reception of any other proof. 23 A. 747 ■, 26 A. 221.
In the case before the Court, the oral and verbal testimony admitted was introduced to supplement the written acknowledgment of the alleged agent, which was necessarily incomplete in itself, as it did not and could not carry on its face the evidence of the agency, and this, too, in violation of a prohibitory law couched in negative language.
To permit oral testimony, in a case like the present one, is to defeat the very object of the law by permitting to be done circuitously that which could not have been done directly; it is to open a wide gate for the spoliation of estates otherwise protected.
The pernicious consequence of the admission of such oral proof will be, that all that spoliators of estates will hereafter have to do, in order to acconvplish their nefarious purposes, will be to procure similar written acknowledgments, from any confederate assuming or purporting to have acted as agent of the deceased, and to have Mm to testify to his authority, after the opening of the succession. It is indeed hard to perceive how pleas of prescription, in such cases, will hereafter be maintained.
I prefer not to take part on other points in the opinion, as I had not sufficient time to examine them thoroughly, and as my concurrence is unnecessary to make a decree.