ANTHONY M. WHITNEY *vs.* COMMONWEALTH.

Suffolk.    May 5, 1958. — June 18, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Practice, Criminal,* Sentence, Judgment. *Error, Writ of. Constitutional Law,* Due process of law, Separation of powers.

A writ of error to reverse the sentence, constituting the judgment, in a criminal case might be issued notwithstanding the pendency of an appeal under G. L. c. 278, §§ 33A–33G. [724]

G. L. c. 123, § 112, providing that "Any person who wilfully permits or assists, or connives at, the escape of a patient from any institution, or secretes a patient who has escaped therefrom, shall be punished by fine or imprisonment, at the discretion of the court," creates a misdemeanor. [724]

A sentence of a person convicted of a violation of G. L. c. 123, § 112, to the Massachusetts reformatory for an indefinite term under the authority of G. L. c. 279, §§ 31, 32, and 33, as amended, did not violate arts. 12 and 30 of the Declaration of Rights of the Massachusetts Constitution or the Fourteenth Amendment to the Constitution of the United States. [724–725]

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on December 6, 1957.

The case was reserved and reported by *Spalding,* J.

*James D. St. Clair, (Blair L. Perry* with him,) for the petitioner.

*Fred L. True, Jr.,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.   This petition for a writ of error has been reserved and reported without decision by a single justice upon the petition, answer, and statement of agreed facts. The petitioner was indicted for violation of G. L. (Ter. Ed.) c. 123, § 112, in that on September 26, 1956, at Fitchburg he "did assist and connive at the escape of two patients and did secrete said patients from the Metropolitan State Hospital."   He was also indicted for violation of G. L. (Ter. Ed.) c. 265, § 23, for carnal abuse of a female child under the age of sixteen years.   A jury trial was held under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended.   On October 24, 1957, he was convicted of a violation of c. 123, § 112, and found not guilty on the other charge.   He was given an indeterminate sentence at Massachusetts Correctional Institution, Concord,[1] and commenced serving that sentence.   On November 13, 1957, he appealed.   Pending this proceeding he has been admitted to bail.   The commissioner of correction has certified that the petitioner has been classified by the department of correction as serving an indefinite term for a misdemeanor and that the maximum time for which he may be held is two years.

1. By G. L. (Ter. Ed.) c. 250, § 9, "A judgment in a criminal case may be re-examined and reversed or affirmed upon a writ of error for any error in law or in fact."   As to the limited scope of such reëxamination, see *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 376–377; *Aronson* v. *Commonwealth*, 331 Mass. 599, 601–602; *Brown* v. *Commonwealth*, 335 Mass. 476, 479–480; *Guerin* v. *Commonwealth*, *ante*, 264, 268.   "Writs of error in such cases may be brought at any time after judgment . . . ." G. L. (Ter. Ed.) c. 250, § 10.   In a criminal case the sentence is the judgment. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 19.   *Cherry* v. *Cherry*, 253 Mass. 172, 176.   *Commonwealth* v. *Millen*, 290 Mass. 406, 411.   "Sentence shall be imposed upon conviction of a crime . . . although exceptions have been alleged or an appeal taken. . . ." G. L. (Ter. Ed.) c. 279, § 4.

---

[1] The Massachusetts reformatory.   G. L. c. 125, § 1 (as amended through St. 1955, c. 770, § 11).

There was no error in issuing the writ while an appeal is pending. As was said in *McGarty* v. *Commonwealth,* 326 Mass. 413, 414, "Ordinarily the single justice ought to issue the writ if it seems to him that there is any reasonable possibility that error of substance has occurred which can be corrected thereby . . . . That the same points can be taken by appeal in accordance with G. L. (Ter. Ed.) c. 278, §§ 33A–33G, is not necessarily decisive against the issuance of the writ. *Commonwealth* v. *Marsino,* 252 Mass. 224, 227–228, and cases cited." See *Jaquith* v. *Commonwealth,* 331 Mass. 439, 441. If there be any intimation in the *Marsino* case at page 228 that no final judgment in a criminal case can be entered while exceptions are pending, it is not to be understood as stating our modern practice.

2. The petitioner contends that his sentence is unlawful because the statute prescribes no punishment with sufficient particularity. General Laws (Ter. Ed.) c. 123, § 112, provides: "Any person who wilfully permits or assists, or connives at, the escape of a patient from any institution, or secretes a patient who has escaped therefrom, shall be punished by fine or imprisonment, at the discretion of the court." Under this provision there would be no discretion to impose a sentence to State prison. In a penal statute a felony can be created only by express words or by necessary implication. *Commonwealth* v. *Macomber,* 3 Mass. 254, 257. *Commonwealth* v. *Barlow,* 4 Mass. 439. *Adams* v. *Elliott,* 128 Fla. 79, 89–90. *State* v. *Cowen,* 231 Iowa, 1117, 1130. *Young* v. *Commonwealth,* 155 Va. 1152, 1154–1155. The crime created by G. L. (Ter. Ed.) c. 123, § 112, is, therefore, a misdemeanor.

Authorization to impose a sentence for an indefinite term is contained in G. L. c. 279, § 31 (as amended through St. 1955, c. 770, § 99).[1] "The court imposing a sentence of commitment for an indefinite term shall not fix the maximum term unless it exceeds five years, but shall merely im-

---

[1] "A male not previously sentenced for felony more than three times, convicted of a crime punishable by imprisonment in any correctional institution of the commonwealth or by imprisonment in a jail or house of correction may be sentenced for an indefinite term."

pose an indefinite sentence or commitment." G. L. c. 279, § 32 (as amended through St. 1955, c. 770, § 100). The classification by the department of correction doubtless was based upon G. L. (Ter. Ed.) c. 274, § 1,[1] and upon G. L. c. 279, § 33 (as amended through St. 1956, c. 715, § 25), which provides that one sentenced to the Massachusetts reformatory for an offence other than those specified "may be held therein for not more than two years."

We are of opinion that the Legislature has thus indicated that a sentence of less than two and one half years could be imposed for the offence here. Otherwise the offence would be a felony. G. L. (Ter. Ed.) c. 279, § 24.[2] Compare G. L. (Ter. Ed.) c. 279, § 23. Any requirement that the Legislature fix a maximum term of imprisonment is met by reference to other statutes. There has been no violation of arts. 12 and 30 of the Declaration of Rights or of the Fourteenth Amendment to the Constitution of the United States. See Platt v. Commonwealth, 256 Mass. 539.

We need not consider the applicability of G. L. (Ter. Ed.) c. 279, § 5.[3] See Commonwealth v. R. I. Sherman Mfg. Co. 189 Mass. 76, 81.

*Judgment affirmed.*

---

[1] "A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors."

[2] "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has been convicted, and the minimum term shall not be less than two and one half years."

[3] "If no punishment for a crime is provided by statute, the court shall impose such sentence, according to the nature of the crime, as conforms to the common usage and practice in the commonwealth."