**UNITED STATES of America,**
**Appellee,**

v.

**Edward LEAVITT, Defendant, Appellant.**

**No. 72–1370.**

United States Court of Appeals,
First Circuit.

Argued April 9, 1973.

Decided May 18, 1973.

Robert A. Petow, Boston, Mass. by appointment of the Court, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant contends that the District Court erred in sentencing him while he was intoxicated. Convicted four days earlier by a jury of assaulting a Federal Revenue Agent, he appeared for sentencing several hours late. The District Court inquired if there was any legal cause why sentence should not be imposed, to which the Government responded, "The Government knows of none." There was no response from defendant or his counsel; however, following the Court's next question, "Is there anything you want to say in behalf of the Defendant?", counsel spoke at length in mitigation. He did not then or thereafter ask for a postponement of sentencing. Counsel's remarks included the following:

> "Mr. Leavitt, your Honor, it's fair to say . . . he is here in Court and has had some alcohol. This is his problem. It is a disease. He was late getting here, but he has had the strength and courage to come in here although he has had alcohol. The conclusion of the Probation Report by the Probation Department here, in this Court, concludes that he is a chronic alcoholic, that he's been so for a long period of time and that, basically, he is not a man of evil."

Counsel also outlined aspects of appellant's personal history, education and family life; noted that the Revenue Agent was not harmed, and other mitigating factors; and requested that his client be placed on probation. The Court then asked the defendant if there was anything he wished to say in his behalf. The defendant replied, "The only thing I can say, your Honor, I am an honest man. That is all I have to say. That is all I can say."

The Court then sentenced defendant to three years confinement, of which six months was to be served, the balance to be suspended, and defendant to be placed on probation for three years.

After sentencing, the Court remarked that it "finds that the Defendant is in an intoxicated condition at this time." Noting that he was "competent and not intoxicated" at the time of impanelment of the jury, the Court said it was "proceeding pursuant to Rule 43 to sentence the Defendant, in the absence of the Defendant, insofar as his mental state is concerned. The Court finding that the Defendant, under these conditions, has absented himself voluntarily from the proceedings as to his condition of alcoholism."

The Court's reading of Fed.R. Crim.P. 43 was erroneous. Both at common law and under Rule 43, a defendant has a right not to be sentenced *in absentia* for a felony. *See* Note, Procedural Due Process at Judicial Sentencing for a Felony, 81 Harv.L.Rev. 821, 830 (1968). Rule 43 states, "The defendant shall be present . . . at the imposition of sentence . . . ." It goes on to permit continuing a trial "to and including the return of verdict" if the defendant voluntarily absents himself after the trial has commenced; but this exception does not apply to sentencing after verdict.

The question on appeal, as the parties recognize, has nothing to do with actual absence. Defendant was physically present. The question is whether his drunken condition made it inappropriate for the Court to proceed with sentencing. It is contended that he could not exercise meaningfully his right of allocution and, more generally, that his condition undermined the legitimacy and acceptability of the sentencing procedure. *See* Note, Procedural Due Process, *supra*, 81 Harv. L.Rev. at 831–33. Under Rule 32(a), the Court must "address the defendant personally and ask if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment." Failure to comply with the Rule invalidates a sentence and would require a remand for resentencing. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). Here the Court complied literally with the Rule, but defendant argues that his condition rendered the sentencing improper no matter how correctly conducted.

**1104**

 Both practical and theoretical considerations lead us to reject an across-the-board rule that drunkenness automatically invalidates sentencing. Rather, we hold that the sentencing court has reasonable discretion to proceed or not to proceed in light of all the circumstances.[1] Its discretion is, however, not absolute, and is subject to review. If there appears to be a substantial possibility that injustice was done, or if, under all the circumstances, the proceeding failed to afford the appearance of justice—and thus was incompatible with the dignity of the Court and with a proper respect for the individual—we will remand for resentencing. On the other hand, we are not prepared to absolve a criminal defendant from all responsibility for his self-created condition. While alcoholism is recognized to be more a tragic disability than a simple defect of will, the Supreme Court has declined to conclude, "on the current state of medical knowledge, that chronic alcoholics in general . . . suffer from such an irresistible compulsion to drink and to get drunk in public that they are utterly unable to control their performance of either or both of these acts . . . ." Powell v. Texas, 392 U.S. 514, 535, 88 S. Ct. 2145, 2155, 20 L.Ed.2d 1254 (1968); see Watson v. United States, 141 U.S. App.D.C. 335, 439 F.2d 442, 451 (1970).

 A bailed defendant who imbibes prior to a scheduled court appearance does not have an automatic right to assume that the court will rearrange its affairs to accommodate him. Unlike an incompetent defendant, he retains some responsibility for his own condition; if he later appeals, he must show likely or seeming injustice.

 In the present case, appellant has failed to demonstrate that he was unjustly treated. Allocution, although always required under federal procedure to be invited and allowed, is not—at least so far as the invitation is concerned—a constitutional right essential to fundamental fairness. Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed. 2d 417 (1961). Note, Procedural Due Process, *supra*, 81 Harv.L.Rev. at 832. *Compare* McGautha v. California, 402 U.S. 183, 218 n. 22, 91 S.Ct. 1454, 28 L. Ed.2d 711 (1971). Defendant was afforded the right, and he exercised it. It remains entirely speculative what more, if anything, he would have said had he been sober. Nor can we say, in light of his response to the Court's invitation to speak, that he was totally unable to comprehend the proceedings. Even in the case of mentally ill defendants, it has been said that "the presence of some degree of mental illness is not to be equated with incompetence to be sentenced." Hall v. United States, 410 F.2d 653, 658 (4th Cir. 1969), cert. denied 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969).

Moreover, we see nothing to indicate that the District Court, which presided at trial, was "misinformed or uninformed as to any relevant circumstances." *See* Hill, *supra*, 368 U.S. at 429, 82 S.Ct. at 472. The Court had before it a presentence report including information earlier obtained from defendant. It had the benefit of defense counsel's remarks on the subject of sentence. Defense counsel neither requested a postponement nor suggested in any other way that more relevant information might be obtained.

Finally, we note that the sentence of three years, with six months to be served, was not notably severe for the offense.

In light of these circumstances, we believe that the District Court did not exceed its discretion in proceeding as it did.

Affirmed.

---

1. In so ruling, we are not to be understood as in any way encouraging sentencing proceedings where a defendant is obviously intoxicated or drugged. Courts will normally be well advised to postpone the proceeding, revoking bail if need be to insure against recurrence.