COMMONWEALTH *vs.* TYRONE EDWARD HOWARD.

Hampden. January 8, 1975. — May 1, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Practice, Criminal,* Fair trial. *Evidence,* Polygraphic test.

Where a judge after a jury-waived criminal trial offered to permit the defendant to take a polygraph test concerning the charges and to treat the outcome of the test as determinative of guilt or innocence, but the defendant refused the offer and was found guilty, the defendant was denied a fair trial and his motion for a mistrial should have been granted, because the proceedings as a whole lacked the appearance of impartiality, even though the judge stated that the defendant's refusal to take the test did not influence his finding of guilt. [570-573]

INDICTMENTS found and returned in the Superior Court on March 6, 1973.

The cases were heard by *Linscott,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Margaret D. McGaughey* for the defendant.

*William W. Teahan, Jr.,* Assistant District Attorney, for the Commonwealth.

TAURO, C.J. After a jury waived trial, the defendant was convicted of armed robbery, assault and battery, and entering a dwelling house while armed and assault with intent to commit a felony. He appeals pursuant to G. L. c. 278, §§ 33A-33G, his sole contention being that he was denied the right to a fair trial as a result of a polygraph test offer made by the trial judge.

Briefly, the facts reveal that an elderly couple were robbed, and the husband assaulted, when two women and a man gained entrance into their home. The incident took approximately thirty minutes during which time the male victim observed the perpetrator closely. The defendant was arrested the next day, and, while in the police station being photographed, he was observed by the victims, who identified him as the man they had seen in their home the day before. At trial, the defendant challenged the validity of the identification and moved to suppress both the out-of-court and in-court identifications. This motion was denied.

The major defense at trial was alibi. The defendant claimed he was with his wife visiting his sister at the time of the robbery. Both his wife and his sister corroborated this story. Additionally, the defendant attempted to demonstrate, both in his own testimony and through that of a speech therapist, that he had a noticeable stutter, and that the victims did not notice that the man who robbed them had any speech defect.

In the course of the defendant's closing argument, the trial judge interrupted defense counsel and asked both counsel into chambers. He then offered to allow the defendant to take a lie detector test concerning the charges on the condition that the defendant waive his

exception and his right to appeal. He stated that if the defendant passed the test, he would be found not guilty; but if he failed, he would be found guilty. Although defense counsel agreed and eventually the Commonwealth acquiesced, the defendant refused to agree to the procedure and the judge found him guilty on all charges. The defendant made a motion for mistrial, which was denied.[1]

The defendant contends that his convictions should be reversed because he was deprived of a fair trial by the judge's offer and his refusal to accept it. We note at the outset that the integrity of the judge below is not in issue. We have no doubt that, as the judge stated, he had already made up his mind as to the defendant's guilt when he made the offer. However, we believe that the judge, in indicating that the result of the polygraph test might change his mind and thus totally control the outcome of the case, cast a shadow on the judicial process that he himself did not contemplate. The judge, by his offer, was willing to substitute the results of the polygraph test for his own judgment based on all the evidence. This was error.[2]

Although we cannot say that the suggested procedure in this case necessarily rendered the trial unfair or prejudicial, we believe that "the proceeding failed to afford the appearance of justice — and thus was incompatible

---

[1] In ruling on the defendant's motion for mistrial, the judge made the following statement: "After this jury-waived trial, I was convinced of the defendant's guilt beyond a reasonable doubt. However, defendant's attorney seemed so unduly perturbed at the prospect of a guilty finding, that I made the lie detector suggestion to him. He wanted to do it. The district attorney did not approve of it, but said he would not oppose it. The defendant said 'No.' That the defendant would not take the lie detector test made no difference to me in my findings. Of course, to give the defendant this outside chance necessitated a waiver of exceptions and appeal. Otherwise, I would not have allowed it to be considered at all."

[2] There can be no doubt that the judge had not anticipated a refusal of his offer which apparently was a gesture of compassion.

with the dignity of the Court." *United States* v. *Leavitt,* 478 F. 2d 1101, 1104 (1st Cir. 1973). "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison,* 349 U. S. 133, 136 (1955). While we accept the trial judge's statement that the defendant's refusal to take the test made no difference to the outcome of the case, *Berlandi* v. *Commonwealth,* 314 Mass. 424, 452-453 (1943); *Delle Chiaie* v. *Commonwealth, ante,* 527, 539 (1975), we are not convinced that the proceedings as a whole had the appearance of fairness and impartiality necessary to our judicial system.[3] "[J]ustice must satisfy the appearance of justice," *Offutt* v. *United States,* 348 U. S. 11, 14 (1954), and we believe justice will best be served by reversing these convictions.

We note here that we do not mean to preclude the use of polygraph evidence where it would otherwise be appropriate. See *Commonwealth* v. *A Juvenile,* 365 Mass. 421 (1974). There may be situations where, when agreed on by all the parties, such use of polygraph evidence *may* be permissible.[4] However, there are substantial risks inherent in such an approach, particularly where the defendant is not completely in accord with the proposed procedure. We think in the future that, if such a procedure as adopted here is to be used at all, it should be at the request of the defendant, and then

---

[3] For a similar result where a polygraph test was offered during the sentencing process, see *People* v. *Allen,* 49 Mich. App. 148 (1973).

[4] The dicta in the *Juvenile* case, citing a similar occurrence in the Superior Court with apparent approval, are distinguishable in that there all parties happily agreed to the procedure which occurred after a jury verdict of guilty had been returned. 365 Mass. at 434, n. 12 (1974). Furthermore, the footnote made clear that this was not a procedure "to be followed routinely," but rather was to be reserved for special cases with "very close factual issues."

only in extremely close cases. Finally, polygraph evidence, when used, should be instructive only, should be considered with all the other evidence and should never be declared to be determinative of the case. In any event, nothing we have said should be construed as a departure from our holding in *A Juvenile* at 425-427 and the guidelines established in the use of polygraph tests.

We believe the defendant's motion for mistrial should have been granted. Accordingly, we reverse the judgments.

*So ordered.*