# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ADOPTION OF A MINOR (No. 1) (and a companion case). May 5, 1975. We affirm decrees of adoption and change of name of two minor children entered by the Probate Court, Barnstable County, over the objection of the respondent father (appellant here). The mother and father were divorced in 1965; custody of these boys, then aged four and five, was awarded to the mother, but no provision was made for support. The mother remarried in 1966, and there are two children of that marriage. No support was forthcoming from the father until the summer of 1972 when, having evidently heard that the mother and her present husband were about to file the petitions for adoption, he started to make trifling contributions; nor has the father shown much interest in visiting the boys since the divorce, although his record in this regard seems to have improved somewhat after his own remarriage a few years ago. On the other hand, the petitioners (appellees here) have long cared for and supported the boys, and all four children appear to be welded with the petitioners into a harmonious and successful family unit. The boys regard their stepfather as their real father; and their original surname, differing from that of the rest of the family, has been an embarrassment to them presenting an emotional problem. Under G. L. c. 210, § 3 (a) and (c), as appearing in St. 1972, c. 800, § 2, the natural father's consent may be dispensed with in the present situation (other conditions precedent being satisfied) upon a finding that adoption is in "the best interests of the child"; in making that determination the court is to consider the "ability, capacity, fitness and readiness" of the natural father to "assume parental responsibility" and is also to consider the "ability," and so forth, of the petitioners. See, for discussion of the standard, *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption, ante,* 631 (1975). The judge's report of material facts (evidence is not reported) appraising the facts convincingly supports his finding that adoption,

with accompanying change of name, will serve the boys' "best
interests."

*Decrees affirmed.*

*Stephen R. Wainwright (William M. Wainwright* with him) for
the respondent.

*S. David Goldberg* for the petitioners.