AUGUSTA ENBINDER *vs.* COMMONWEALTH.

Suffolk.   April 9, 1975. — June 24, 1975.

Present: TAURO, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Sentence, Judgment, Appeal to Superior Court.
   *Error, Writ of.*

A writ of error to a Municipal Court under G. L. c. 250, § 9, did not
   lie to attack a conviction in that court of the petitioner for the
   writ, where the petitioner had appealed to the Superior Court and
   thereby had vacated the judgment of the Municipal Court. [218-
   219]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 21, 1970.

The case was heard by *Hennessey*, J.

*Sanford A. Kowal* for the petitioner.

*Robert V. Greco*, Assistant Attorney General, for the Commonwealth.

TAURO, C.J.   This is an appeal from an order of a single justice of this court dismissing a petition for writ of error.   On September 21, 1970, the petitioner filed a petition for writ of error alleging that she was deprived of certain constitutional rights at her trial in the Municipal Court of the City of Boston.   The respondent's demurrer to the petition was sustained by a single justice. A bill of exceptions to the sustaining of the demurrer was

allowed, and we subsequently ordered as follows: "For the purpose of obtaining an adequate basis of fact on which to consider this matter, the order sustaining the demurrer . . . is to be vacated." *Enbinder* v. *Commonwealth*, 361 Mass. 871, 872 (1972). We remanded the case for further proceedings, and the matter was referred to a special master and commissioner. The master heard evidence and filed a report where he recommended that the petition for writ of error be dismissed. The single justice confirmed the master's report, and, on consideration of the respondent's motion for entry of judgment, ordered that the petition be dismissed.

Briefly, the master found the following: The petitioner was charged in the Municipal Court of the City of Boston with larceny of a necklace worth $8 from a Boston department store. The offense allegedly occurred on Friday, January 23, 1970, and the petitioner was tried the following day.

At trial, a department store detective testified that, while observing the petitioner at a jewelry counter, she saw her lift a string of "pearls" from a display and place it in her pocketbook. The petitioner's defense was that she had purchased the necklace the month before and had brought it with her to the store to match a set of earrings. A small strip, torn from a larger cash register card, was introduced in evidence at the trial, but the actual sales slip and other supporting evidence introduced before the single justice apparently were not brought to the judge's attention.

At some point, the judge told the petitioner that she had been "negligent." Near the close of the case, the judge remarked to the prosecutor that the petitioner was "elderly" and that he was going "to give her a break." He then offered to dismiss the case if the petitioner would sign a release of both the store detective and the department store. After consulting with counsel, the petitioner refused to sign a release of the store, and the clerk announced a finding of guilty and a fine of $10.

The petitioner appealed to the Superior Court, where the case was dismissed with her consent on motion of the Commonwealth. The master found that the evidence before the Municipal Court judge "warranted a finding of 'guilty,'" although a thorough examination of all the evidence indicates that in fact, the petitioner was not guilty, but was instead "the unhappy victim of an unfortunate but wholly reasonable mistake of judgment."

The petitioner challenges her conviction in the Municipal Court of the City of Boston on the ground that, in offering to bargain with her for a civil release, the judge conducted himself in an improper manner and violated her rights to a fair trial under art. 12 of the Declaration of Rights of the Constitution of the Commonwealth and the Fourteenth Amendment to the United States Constitution. She contends that his offer of a dismissal in return for signing a civil release constituted coercion, and that such coercion violated her constitutional right to a fair trial. In the view we take of this case, we find it unnecessary to reach the merits of these issues. We hold that a writ of error is not available to raise these claims where the conviction in the Municipal Court was appealed to the Superior Court and the complaint was then dismissed.

1. General Laws (Ter. Ed.) c. 250, § 9, governs the issuance of writs of error in criminal cases. It provides that "[a] judgment in a criminal case may be re-examined and reversed or affirmed upon a writ of error for any error in law or in fact." However, this is "a restricted remedy," *Guerin* v. *Commonwealth*, 337 Mass. 264, 268 (1958); *Commonwealth* v. *Gilday*, 357 Mass. 775 (1970), and "[a] party seeking relief by writ of error under the statutory authority must take the remedy with its limitations." *Guerin* v. *Commonwealth*, *supra*, at 269, citing *Dolan* v. *Commonwealth*, 304 Mass. 325, 333 (1939).

The statute expressly states that writs of error lie from *judgments* in criminal cases. See *Commonwealth* v.

*Marsino*, 252 Mass. 224 (1925), app. dism. 271 U. S. 642
(1926). While we have often stated that the sentence
corresponds to judgment in criminal cases, *Renado* v.
*Lummus*, 205 Mass. 155, 156 (1910); *Whitney* v. *Com-
monwealth*, 337 Mass. 722, 723 (1958), this characteriza-
tion is of little assistance in the present context for deter-
mining whether, in these circumstances, a judgment exists
from which the writ of error may issue. Instead, we
believe it necessary to look closely at the relationship
between proceedings in the Municipal Court and the
"appeal" by trial de novo in order to determine whether
an operative judgment exists in this case.

In the past, a claim of appeal to the Superior Court
was deemed to vacate the judgment of the District Court
or Municipal Court. *Commonwealth* v. *Calhane*, 108
Mass. 431, 432 (1871). *Commonwealth* v. *Harvey*, 111
Mass. 420 (1873). *Commonwealth* v. *Holmes*, 119 Mass.
195, 199 (1875). In *Harvey*, Gray, J., stated, "Any
irregularity in the proceedings of the Municipal Court
present[s] no ground for dismissing the complaint in the
court appealed to; for the appeal vacate[s] the judgment
below." 111 Mass. at 421 (1873). In *Holmes*, Chief
Justice Gray further stated that "[t]he appeal from the
judgment of the District Court vacate[s] that judgment,
and render[s] immaterial . . . all . . . errors and irregu-
larities in the proceedings there." 119 Mass. at 199
(1875). While we have never expressly rejected this rule,
cf. *Costarelli* v. *Municipal.Court of the City of Boston*,
367 Mass. 35, 42 (1975), our holdings in other contexts
have subjected it to question.

In *Commonwealth* v. *Marsino*, 252 Mass. 224, 228
(1925), app. dism. 271 U. S. 642 (1926), we dismissed a
writ of error where the defendant had appealed his
Superior Court conviction and also petitioned for a writ
of error. We stated that, since no final judgment could
be entered while exceptions were pending, the writ of
error was not available under c. 250, § 9. However, we
specifically rejected this holding in *Whitney* v. *Common-*

*wealth*, 337 Mass. 722, 724 (1958), where we stated that it did not reflect modern practice in the Commonwealth. We held there that a pending appeal did not vacate the judgment, and thus that the writ of error might lie. If this holding were to be applied to the instant case, it would appear that the writ would lie on the facts before us. However, we do not believe this to be the case.

We have recently reexamined the nature and constitutionality of our two-tier procedure in many different contexts. See, e.g., *Mann* v. *Commonwealth*, 359 Mass. 661 (1971); *Whitmarsh* v. *Commonwealth*, 366 Mass. 212 (1974), app. dism. 421 U. S. 957 (1975); *Costarelli* v. *Municipal Court of the City of Boston, supra,* at 38-42. These cases make clear that the nature of an appeal from the Municipal Court to the Superior Court is qualitatively different than an appeal from the Superior Court to a higher court. For one thing, appeal from the Superior Court does not automatically eliminate sentencing or the carrying out of the sentence. Thus, we believe that our holding in *Whitney* is not applicable here, and we are not persuaded that our longstanding rule, enunciated in *Harvey* and *Holmes*, is no longer valid. In fact, our holding in those cases appears to have been recognized by the United States Supreme Court in *Costarelli* v. *Massachusetts*, 421 U. S. 193, 194 (1975) where the court stated, "In effect, the taking of the appeal [to the Superior Court] vacates the district or Municipal Court judgment." Accordingly, we hold that there is no operative judgment of the Municipal Court, it having been vacated by the appeal, and thus a writ of error is unavailable to the petitioner herein.

2. Although what we have said is apparently dispositive of the rights of the parties, the petitioner argues that, notwithstanding our holding above, the writ of error should issue because it is her only remedy in this case. Relying on *Guilmette* v. *Commonwealth*, 344 Mass. 527 (1962), she argues that we must allow the issue of coercion to be raised here by writ of error. We disagree.

Although we indicated in *Shoppers' World, Inc.* v. *Assessors of Framingham*, 348 Mass. 366, 376, fn. 9 (1965), that we would reexamine the scope of existing remedies to meet evolving constitutional interpretations, we do not believe that such expansion is appropriate in the instant case.

The petitioner attacks her Municipal Court conviction in order to avoid the rule of *Della Jacova* v. *Widett*, 355 Mass. 266 (1969), which states that, in suits for malicious prosecution, a "conviction in the tribunal to which complaint was made, although reversed on appeal, is conclusive proof of probable cause, unless that conviction (1) 'was obtained solely by false testimony of the defendant' in the action for malicious prosecution, or (2) is 'impeached on some ground recognized by the law, such as fraud, conspiracy, perjury or subornation of perjury as its sole foundation.'" *Id.* at 268-269, quoting from *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 203 (1926), and *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 201 (1926).

We do not think it appropriate to stretch the remedy afforded by writs of error here where the petitioner's real grievance is with the rule regarding actions for malicious prosecution. Instead, we believe the petitioner should raise her objections to this rule if and when the issue arises in the course of her civil action. It may well be that the present exceptions to the rule are broad enough to encompass the petitioner's case, or that a new exception should be created for improper conduct or bargaining by the trial judge. However, we leave these issues for resolution at the appropriate time and place.

3. Finally, we note that our decision here is in no way meant to approve of the practices of the trial judge in this case. As we stated in *Commonwealth* v. *Howard*, 367 Mass. 569, 571 (1975), bargaining of this nature by a judge may "cast a shadow on the judicial process" and thus may be "'incompatible with the dignity of the Court'" (quoting from *United States* v. *Leavitt*, 478 F. 2d 1101, 1104 [1st Cir. 1973]). We need not decide

whether the conduct of the judge here falls within the proscriptions of the *Howard* case. However, we again state that bargaining of this nature by a trial judge is highly improper. Determinations of guilt are to be made on the basis of permissible evidence only, and are not to include extraneous matters introduced by the parties or by the judge.

*Order dismissing petition
for writ of error affirmed.*