COMMONWEALTH *vs.* DURAND D. JANARD. July 8, 1977. There is no
question that the Miranda warnings were given to the defendant be-
fore he made his statements to the police on September 4, 1975, and
that those warnings were repeated before the defendant gave the police
a complete confession on the following day. The only tenable basis for
concluding that the statements or the confession were not made or
given knowingly and voluntarily was the defendant's testimony that
he had been under the influence of narcotics on both occasions. In
the further findings made by him following the remand from this
court, the judge characterized the defendant's testimony as incredible
and expressly found (1) that the defendant was not under the influ-
ence of any narcotic on either occasion, (2) that he was capable of
understanding and did understand the Miranda warnings, (3) that on
both occasions he knowingly and voluntarily waived his right to remain
silent, and (4) that on both occasions he was capable of understanding
and did understand the questions put to him and his answers thereto.
All those findings are amply warranted by the evidence, and there
was no error in the judge's refusal to suppress the defendant's state-
ments or his confession. Compare *Commonwealth* v. *Sires,* 370 Mass.
541, 543-545 (1976); *Commonwealth* v. *Fielding,* 371 Mass. 97, 103-113
(1976); *Commonwealth* v. *Johnson,* 371 Mass. 862, 868-870 (1977);
*Commonwealth* v. *Black,* 4 Mass. App. Ct. 512, 516-517 (1976). Con-
trast *Commonwealth* v. *Hosey,* 367 Mass. 571, 573-579 (1975), *S.C.*
*ante,* 138 (1977).

*Judgments affirmed.*

The case was submitted on briefs.
*Margaret Hayman* for the defendant.
*Philip A. Rollins,* District Attorney, & *W. James O'Neill,* Assistant
District Attorney, for the Commonwealth.