COMMONWEALTH *vs.* BERYL EATON.

Essex.  March 11, 1981. — April 23, 1981.

Present: HALE, C.J., GREANEY, & KASS, JJ.

*Practice, Criminal,* Appeal to Superior Court, Agreement between prosecutor and defendant, Dismissal, Double jeopardy. *Due Process of Law,* Agreement between prosecutor and defendant.

Any error at the trial of complaints in a District Court was rendered immaterial by a subsequent trial de novo in the Superior Court. [733]

Where the record of the trial of a defendant on complaints charging her with assault and battery on a police officer and resisting arrest showed that the judge, after the Commonwealth had presented its evidence, continued the case without a finding for one year and ordered the defendant to pay costs and make restitution and that, at the end of the year, after the prosecutor objected to dismissal of the complaints because the defendant had initiated a civil rights action in a Federal court against the police officers who had arrested her, the judge then found her guilty and imposed fines without completing the trial, there was no showing that the Commonwealth had entered into an agreement for disposition of the case which it subsequently repudiated or that the defendant had materially changed her position in reliance on such an agreement; and, although it was highly improper for the judge to find against the defendant after having heard only the prosecution's case, that action was nullified by the defendant's appeal and trial de novo in the Superior Court. [733-736]

A defendant's motion to dismiss charges against her which was unaccompanied by any affidavit failed to comply with the requirements established by *Commonwealth* v. *Brandano,* 359 Mass. 332 (1971). [737]

A defendant whose criminal case was continued for one year without a finding was not subjected to double jeopardy when, at the end of the year, the judge found her guilty and levied a fine against her. [737]

COMPLAINTS received and sworn to in the District Court of Newburyport on September 1, 1973.

Upon appeal to the Superior Court the cases were tried before *Johnson*, J., a District Court judge sitting under statutory authority.

*Michael M. Maxey* for the defendant.

*Nancy B. Salafia*, Assistant District Attorney, for the Commonwealth.

KASS, J. 1. To the degree error contaminated the proceedings in the District Court in this case, that error was expunged by the trial de novo in the Superior Court, in which the defendant was convicted by a jury of assault and battery on a police officer and of resisting arrest. *Enbinder* v. *Commonwealth*, 368 Mass. 214, 217-218, cert. denied, 423 U.S. 1024 (1975). The reason for the rule is that "[t]he appeal from the judgment of the District Court vacate[s] that judgment, and render[s] immaterial . . . all . . . errors and irregularities in the proceedings there." *Commonwealth* v. *Holmes*, 119 Mass. 195, 199 (1875). See also *Costarelli* v. *Massachusetts*, 421 U.S. 193, 194 (1975).

2. An alternative theory of relief urged by the defendant is that she had entered into an agreement for disposition of the case with the Commonwealth which the latter unlawfully repudiated. In order to consider this argument it is necessary to recite the salient facts.

Argument about their dog among male members of the Eaton family, warmed by alcohol, burst into violence. Officers of the Salisbury police were called for pacification. Their efforts were only fleetingly successful and, following a second entry into the Eaton house (at the invitation of a member of the family), they determined to remove one of the combatants, Terrence Eaton, who was seventeen years old. Terrence was less than compliant and removal turned into arrest. The defendant, who is Terrence's mother, intervened — in no uncertain terms. There was evidence that she tried to open the door to the rear of the police van and kicked the arresting officer in the chest, stomach and groin. She was arrested in turn.

After the Commonwealth completed presentation of its case at the District Court trial, the judge, who had deter-

mined that neither Terrence nor the defendant had a history of trouble with the police, called a bench conference. The content of that bench conference is not in the record but the upshot of it was that the case against the defendant was continued without a finding for one year, until September 18, 1974, and the judge made an order requiring the defendant to pay costs of $50 and to make restitution of $25 (apparently for damage to the arresting police officer's uniform). The defendant contends that the understanding arrived at by her, the Commonwealth and the judge was that if she stayed out of trouble in the ensuing year, the charge would be dismissed. Precisely on September 18, 1974, the defendant appeared in the District Court. The matter was put over to October 1, 1974, so as to receive the attention of the same judge who had originally heard it. On that day the prosecutor objected to dismissal of the complaints because, although the defendant had stayed outside the toils of the law, she had initiated a civil rights action in the United States District Court against the police officers who had arrested her. Invited by the judge to dismiss her complaint in the Federal court, the defendant declined to do so, and the judge, without completing the trial, found her guilty of both offenses charged. Thereupon the judge fined the defendant $1,000 on the charge of assault on a police officer and $25 on the charge of resisting arrest.

The defendant appealed for trial de novo in the Superior Court. Before the commencement of trial in the Superior Court, the defendant moved to dismiss the complaints on the ground that the District Court convictions improperly penalized her for seeking to vindicate her civil rights.

Under the broad constitutional claims recited in her motion, the defendant makes the argument that there was a denial of due process in permitting the Commonwealth to change its position, after an interval of one year, about consenting to dismissal of the complaints against the defendant. For this argument the defendant relies upon *Santobello* v. *New York,* 404 U.S. 257, 261-262 (1971), and *Commonwealth* v. *Benton,* 356 Mass. 447, 448-449 (1969). Both

these decisions involve failure by the government to live up to the terms of plea bargains which, in each case, the government had induced the defendant to make.

If there was an understanding in the instant case, a conclusion which is far from inevitable from the record, it was a good deal more inchoate than a plea bargain. A plea bargain induces a palpable change of position: namely, the entry of a guilty plea. See *Commonwealth* v. *Benton, supra*; *Commonwealth* v. *Cepulonis*, 9 Mass. App. Ct. 302, 310-311 (1980). The defendant is far short of having proved that anything so definitive occurred here. No finding was made and the case was simply continued, i.e., left in suspense. We may surmise a tacit understanding among the judge and the parties that, if she stayed out of trouble, the complaints against the defendant would be dismissed. But we have no transcript of the District Court bench conference, nor subsequent testimony or affidavits concerning what transpired at that conference, to take us out of the realm of speculation. We do not think that the assessment of $50 in costs and the order of $25 in restitution by the judge at the time of the defendant's first appearance in the District Court are sufficient to enable us to make out the existence of an agreement in which the Commonwealth participated. That money was returned to the defendant when the judge, a year later, made a finding of guilty and imposed a fine, thus, adding a further overtone of impermanence to the acts of the judge at the first hearing. Indeed, the basis of the imposition of costs was doubtful. Costs shall not be imposed by a court except "as a condition of the dismissal or filing of a complaint or indictment, or as a term of probation . . . ." G. L. c. 280, § 6. No filing of the complaint occurred here. A continuance of a trial is a procedure distinct from an order that a complaint be laid on file. See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133, 136 (1874). When a case is filed, it "is the act of the court and not of the district attorney." *Attorney Gen.* v. *Tufts*, 239 Mass. 458, 537 (1921). If, in the absence of a plea of guilty and no change of position by the defendant, specific performance

of an agreement by the prosecution is not mandated, *Blaikie* v. *District Attorney for the Suffolk Dist.*, 375 Mass. 613, 618 (1978), it is not mandated when the agreement has not been proved. As to a prejudicial change in her position, the defendant can scarcely be heard to protest that she was deprived of the pleasure she might have enjoyed by violating the law during the intervening year, but for her imposed abstention from so doing.

The reluctance of the judge to dismiss the case against the defendant, in the light of her collateral civil rights action, may be understandable since the effect of a dismissal in the District Court, even though no findings had been made, might have been to prejudice the case against the police officers in the Federal court. However, when the Commonwealth manifested its unease about dismissal of the complaints, the District Court judge should have avoided appearing to coerce the defendant or appearing to penalize her for exercising her rights. See *Commonwealth* v. *Howard*, 367 Mass. 569, 571-572 (1975). A dismissal of the complaint might have been entered which, by its terms, articulated that it was based on the defendant's record rather than her blamelessness in this case. Or the case might have been further continued. At least the judge ought to have afforded the defendant an opportunity to present evidence in her behalf. It was improper for the judge to find against the defendant, having heard only the prosecution's case. But, as we have pointed out in the first part of this opinion, the District Court judge's action, while unpardonable, became a legal nullity by reason of the new trial, at which the defendant had every opportunity to, and did, put in her case. Because no specific promise by the Commonwealth has been established, and because the defendant did not materially change her position, we think the case comes within the principles expressed in *Commonwealth* v. *Tirrell*, 382 Mass. 502, 511-512 (1981), and *Commonwealth* v. *Spann*, 383 Mass. 142, 146 (1981). We are, therefore, on this record, constrained to conclude that the Commonwealth did not make a bargain by which it was bound.

3. Even had a definitive agreement for disposition been reached in the initial proceeding in the District Court, the defendant's effort to raise the issue on her motion to dismiss failed to comply with the requirements established by *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971), that, when a defendant proposes dismissal of a case without the consent of the Commonwealth, "the defendant shall file an affidavit in support of a dismissal which shall contain all the facts and the law relied upon in justification of a dismissal. The Commonwealth may file a counter affidavit, and, as to matters contained in the affidavits which are in dispute, there shall be a hearing, unless the judge concludes that on the face of the affidavits 'the interests of public justice' do not warrant a dismissal." *Ibid.* The defendant's motion was unaccompanied by any affidavit.

4. The defendant was not subjected to double jeopardy by reason of the action taken during her first appearance in the District Court because that proceeding did not "contemplate[]" an end to all prosecution . . . for the offense charged." *Lee* v. *United States,* 432 U.S. 23, 30 (1977). *Costarelli* v. *Commonwealth,* 374 Mass. 677, 682 (1978). Continuing a case without a finding may contemplate, instead, the possible resumption of prosecution. The trial was in suspense, not concluded, and the defendant acquiesced in the suspension. Certainly there occurred no termination of the trial in the defendant's favor. *Lee* v. *United States,* 432 U.S. at 30. Compare *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976); *Costarelli* v. *Commonwealth,* 374 Mass. at 682-683. See generally *Serfass* v. *United States,* 420 U.S. 377, 388-393 (1975); *Commonwealth* v. *Clemmons,* 370 Mass. 288, 292 (1976). The trial de novo in the Superior Court did not, of course, raise a double jeopardy issue in light of *Ludwig* v. *Massachusetts,* 427 U.S. 618, 630-631 (1976), and *Lydon* v. *Commonwealth,* 381 Mass. 356 (1980).

The defendant's motion for reconsideration and her motion for a new trial turn on the issues we have discussed.

*Judgment affirmed.*

*Order denying motion for a*
*new trial affirmed.*