**Beryl EATON, Petitioner, Appellee,**

v.

**Terrence HOLBROOK and Francis X. Bellotti, Respondents, Appellants.**

**No. 81–1884.**

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1982.

Decided March 5, 1982.

Linda G. Katz, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Chief, Crim. Bureau, and

\* Of the Second Circuit, sitting by designation.

Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondents, appellants.

John Reinstein, Boston, Mass., for petitioner, appellee.

Before COFFIN, Chief Judge, TIMBERS,\* Senior Circuit Judge, BREYER, Circuit Judge.

COFFIN, Chief Judge.

On December 8, 1981, the district court ordered that the appellee be released on bail pending consideration of her petition for a writ of habeas corpus. In so doing, the court applied the standard we enunciated in *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972):

"[I]n the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law . . . but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough."

On the afternoon of December 8, this court denied a motion to stay the bail order pending appeal. Now, after full briefing and argument, we conclude that the district court improperly exercised its discretion in applying the *Glynn* standard to this case.

After an altercation at the appellee's home in August, 1973, she was charged with assault and battery on a police officer. Trial commenced in the Newburyport District Court for the Commonwealth of Massachusetts. The Commonwealth presented its evidence and, after a bench conference, the judge continued the case for one year. When the court reconvened one year later, the judge asked the prosecutor if he objected to having the charges dismissed. The prosecutor replied that he did, because the appellee had filed a civil rights complaint against the arresting officers. The judge then invited the appellee to dismiss her complaint; when she declined to do so, the judge immediately found her guilty of the charged offenses.

The appellee exercised her right to a trial de novo in the Superior Court, where she was convicted and sentenced to serve fifteen days in jail. She appealed to the Massachusetts Appeals Court, which affirmed her conviction on April 29, 1981. *Commonwealth v. Eaton*, —— Mass.App. ——, Mass. App.Adv.Sh. 837, 419 N.E.2d 849 (1981). On June 24, the Supreme Judicial Court denied her petition for further appellate review.

The appellee contends that her petition sets forth a "clear, and readily evident, case" for relief under 28 U.S.C. § 2254. That provision permits a district court to issue a writ of habeas corpus if the petitioner

    (i) "is in custody in violation of the Constitution or laws or treaties of the United States", and

    (ii) "has exhausted the remedies available in the courts of the State, or ... there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective".

We will assume for purposes of this appeal that the petition sets forth a clear case showing that her custody violates the Constitution of the United States. For the reasons set forth below, however, we must reject her argument that she has presented "a clear case on the law" that she has exhausted the available state remedies.

In *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), the Supreme Court held that § 2254's exhaustion requirement is not satisfied by a mere presentation of the same *factual* allegations to the state court as to the federal court. Rather, the state court must be given the first opportunity to consider "the substance of [the] federal habeas corpus claim". *Id.* at 278, 92 S.Ct. at 513. The key problem in these cases is defining the "substance" of the petitioner's claim. *See, e.g., Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir. 1981); *Turner v. Fair*, 617 F.2d 7, 11 (1st Cir. 1980). To that task we now turn.

The appellee's petition argues from a premise which the Commonwealth does not dispute: if she had agreed to drop the civil rights action, she would not be in custody today. The petition offers three theories to support the conclusion that her custody is therefore illegal: (a) the state's course of conduct "deprived her of her right to due process of law"; (b) it "violated [her] right of access to the federal court which is guaranteed by the First Amendment"; and (c) it "impaired [her] right to bring suit under ... 42 U.S.C. § 1983". The district court below found her custody illegal, "[r]egardless of whether petitioner's claim is viewed as a First Amendment claim or as an equal protection claim based on the burdening of a fundamental right", because the state's action violated her "right not to be discriminated against because she exercised a constitutionally protected right".

We summarize the "substance" of this federal habeas claim as: first, the appellee has a fundamental right under the Fourteenth Amendment to file a civil rights action; and second, the Commonwealth violated the equal protection clause when it decided to punish citizens in the appellee's circumstances only if they exercise that fundamental right. Although this line of analysis may be completely sound, *see MacDonald v. Musick*, 425 F.2d 373 (9th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 54, 27 L.Ed.2d 90 (1970), it is far from "clear" that it or its substantial equivalent was presented to the state court.

The district court below concluded that appellee presented the issue to the Massachusetts Appeals Court in its brief on appeal. The court noted pages 7–9 of the brief, which included the following language:

"After appealing the defendant's conviction in the district court, defendant's previous counsel ... filed a motion to dismiss the case in the Superior Court. In substance, the Motion to Dismiss stated that the continued prosecution of the defendant was a violation of her constitutional rights because it constituted punishment for having brought a civil rights action against the two arresting officers.... Said matter was not dismissed

**672**

after that time solely because the defendant had refused to dismiss the civil suit brought by her against the arresting officers.

. . . . .

The defendant asserts that where she had sufficiently raised an issue which by its very nature 'cast a shadow on the judicial process' and which, if true, would have made a second trial of the defendant 'incompatible with the dignity of the court,' *Commonwealth v. Howard*, 367 Mass. 907, 911, [569, 571–72, 327 N.E.2d 736] (1975)..., to deny the motion [to dismiss] without an evidentiary hearing constituted an abuse of discretion by the trial judge."

Although this passage might seem to raise the substance of the federal habeas claim, careful study of the excerpted passage in the context of the entire brief suggests otherwise. It describes in general terms a Motion to Dismiss that had been presented to the Superior Court. In relevant part, that Motion read, "The defendant assigns as reasons [for dismissal] that *said cases are being prosecuted* as punishment to the defendant for seeking vindication, through civil actions, for violation of her civil rights" (emphasis added). Significantly, the Motion referred only to the general prosecution against the appellee, and not to the conduct of the Newburyport district judge that is the basis for her federal habeas claim. More significantly, the Superior Court denied the Motion, but not because it failed to describe a valid legal theory. Rather, the motion was denied because "NO AFFIDAVIT in support of same was filed at the time, NOR was any evidence offered, nor even attempted to be offered, at the time in support of same." ** The passage quoted from the appellate brief was part of an argument that the Superior Court judge had discretion to waive the affidavit requirement, and that it was an abuse of discretion, given all the circumstances, for him to stand by the affi-

** Superior Court's Decision on Defendant's Motion for Reconsideration of Motion to Dismiss

davit requirement instead of holding a hearing on the motion.

Thus, the brief was not asking the Appeals Court to rule on whether the Newburyport judge's conduct deprived the appellee of equal protection by penalizing her for the exercise of a fundamental right. It was asking only that the Appeals Court rule, as a matter of law, that whenever a motion making such allegations is filed the Superior Court must waive the affidavit requirement and proceed to hold a hearing. The brief for the Commonwealth in dealing with the motion to dismiss similarly confined itself to the mandatory nature of the requirement of an affidavit and concluded that the denial of the motion and refusal to hold a hearing did not constitute an abuse of discretion. In short, we are now of the distinct impression that the Appeals Court was never presented the constitutional issue relied upon here. At least we see no alternative to holding that, in this appeal from an order releasing petitioner on bail pending deposition of her petition for habeas corpus, petitioner has not made a "clear case on the law" that she has exhausted her remedies.

Nor do we agree with the appellee's contention that the exhaustion requirement of § 2254 was satisfied because the Supreme Judicial Court's opinion in *Enbinder v. Commonwealth*, 368 Mass. 214, 330 N.E.2d 846, *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975), when read together with the Appeals Court's opinion in this case, *Commonwealth v. Eaton, supra*, would have made futile a direct presentation of her argument in a state habeas corpus proceeding. Both these cases apply the Massachusetts doctrine that any errors in the Municipal Court are generally "expunged by the trial de novo in the Superior Court". Yet, neither case used the doctrine to answer an argument that continued prosecution *itself* violates a federal constitutional right when the case would be dropped but for improper animus. We have no reason to believe the Supreme Judicial Court would extend *Enbinder* to such a context.

(emphasis in original).

The exhaustion requirement codified in § 2254 is a significant instrument for maintaining comity between the federal and state judicial systems. It serves to keep to a minimum the occasions on which a federal court will declare that the state has failed in its equal obligation "to guard and protect rights secured by the Constitution". *Ex Parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). The requirement is no less significant in a preliminary decision on whether to grant bail that it is in an ultimate decision on whether to issue a writ of habeas corpus.

In this case, the district court erred in concluding that the appellee had so clearly exhausted state remedies that she could be released on bail.

*The district court's order is vacated, and the case is remanded for further proceedings consistent with this opinion.*