## Michael J. Foley vs. Lowell Division of the District Court Department.

Suffolk.  October 10, 1986. — December 15, 1986.

Present: Hennessey, C.J., Liacos, Abrams, & Lynch, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Relief from judgment, Appeal. *Constitutional Law*, Double jeopardy.

A single justice of this court properly denied relief under G. L. c. 211, § 3 (1984 ed.), to a criminal defendant claiming violations of his rights at his bench trial in a District Court, where the defendant had not raised his claim by a motion to dismiss in the District Court jury session before commencing his action under G. L. c. 211, § 3 (1984 ed.), in the Supreme Judicial Court for the county of Suffolk. [802-803]

There was no basis under Mass. R. Civ. P. 60 (b) (2) or (6) to vacate the judgment of a single justice denying relief to a criminal defendant under G. L. c. 211, § 3, for alleged violations of his rights at a District Court bench trial, where the jury session trial de novo still available to him was an adequate remedy for the asserted errors at the bench trial. [803-804].

Holding that in the circumstances extraordinary relief under G. L. c. 211, § 3, was not available to a criminal defendant who had been found guilty in District Court proceedings after he had refused to execute written releases waiving his right to bring civil actions against certain police officers, this court, exercising its common law and constitutional powers to supervise the administration of justice, expressed its strong disapproval of the practice, whether undertaken by a judge or a prosecutor, of conditioning the dismissal of criminal complaints on execution by the defendant of a release waiving his right to bring a civil action against police officials. [804-805]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 12, 1985.

The case was heard by *Nolan*, J.

*John Reinstein* for the plaintiff.

*Paula J. DeGiacomo*, Assistant Attorney General, for the defendant.

LYNCH, J. The plaintiff, Michael J. Foley, brought this action before a single justice of this court under G. L. c. 211, § 3 (1984 ed.), seeking dismissal of a complaint against him for assault and battery on a police officer. After a hearing, the single justice denied relief, and Foley appealed to the full court. Foley contends that as a result of the action of the judge in a District Court he has been subjected to double jeopardy, abuse of process, and cruel and unusual punishment.

The allegations of the complaint filed under G. L. c. 211, § 3, are as follows: On February 5, 1983, Foley was assaulted by members of the Lowell police department; on February 7, 1983, a criminal complaint was issued against him for assault and battery on a police officer; the case was called for trial on March 2, 1983, in the Lowell Division of the District Court Department; after hearing the testimony of two of the officers involved in the incident, the judge interrupted the trial and met with counsel in chambers; the judge suggested that Foley execute a waiver of civil claims against the police officers in exchange for a continuance without a finding and dismissal after one year. Foley refused to accept the judge's offer. The judge then declined to hear the remainder of the Commonwealth's case and directed Foley to testify regarding the circumstances of his arrest. After Foley testified, the judge announced that the case was concluded. The record reveals that the case was continued until March 1, 1984, for findings and disposition under the following terms: "Both parties prepare findings of facts. Defendant prepare releases for the police. Conditions of continuance: (1) defendant to stay out of trouble and (2) defendant not file civil action during the continuance period. If at the end of one year no trouble, cases to be dismissed and releases from liability given to police."

In March, 1984, a default was entered against Foley for failure to appear for disposition, which was removed on May 9, 1985. Foley then filed a motion to dismiss the complaint and an affidavit. The motion was heard and denied on July 25, 1985. According to Foley, the judge found him guilty without taking further evidence because he refused to execute a written release waiving his right to bring a civil action against

the police officers. On the same day, Foley filed a de novo appeal to the jury-of-six session.

The action before us seeks a declaration that the District Court judge acted unlawfully in requiring Foley to waive his right to bring a civil action as a condition to the continuing of the case without a finding and an order dismissing the complaint. The defendant moved to dismiss this action for failure to state a claim upon which relief could be granted, arguing that any errors committed during the bench trial were rendered immaterial by Foley's appeal to the jury-of-six session of the District Court, and that Foley's objections to continuing the case without a finding had to be pressed in the jury-of-six session by way of a motion to dismiss. On August 14, 1985, the single justice, after hearing, denied relief under G. L. c. 211, § 3.

Following the single justice's denial, Foley filed a motion to dismiss in the jury session of the District Court which was denied. Foley then filed a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), in the single justice session which sought to vacate the single justice's order of August 14, 1985, on the ground, inter alia, that in light of the denial of his motion in the jury session he had no effective remedy against the continued prosecution in the District Court. Foley's motion for relief from judgment was denied by the single justice on November 4, 1985.

1. At the time Foley's complaint for relief under G. L. c. 211, § 3, was filed in the county court, he had already filed an appeal to the jury-of-six session to obtain a trial de novo. We have emphasized that relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review. *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied. *C. & C. Bookshops, Inc.* v. *Commonwealth*, 388 Mass. 1009 (1983). *Whitmarsh* v. *Commonwealth*, 366 Mass. 212, 215-216 (1974). Foley should have filed a motion to dismiss the complaint in the jury session before bringing his complaint under G. L. c. 211, § 3. As in *C. & C. Bookshops, Inc.* v. *Commonwealth*,

*supra*, "[n]o such motion had been filed at the time the single justice denied the plaintiff[ ] relief and dismissed the complaint brought under G. L. c. 211, § 3." *Id.* There was no error in denying relief under G. L. c. 211, § 3.

2. Foley also asserts that the denial of the motion to dismiss filed in the jury-of-six session constituted "newly discovered evidence" under Mass. R. Civ. P. 60 (b) (2), which required the single justice to vacate his judgment denying relief under G. L. c. 211, § 3. Alternatively, Foley maintains that he is entitled to relief under Mass. R. Civ. P. 60 (b) (6), which provides that a court may relieve a party from judgment for "any other reason justifying relief from the operation of the judgment." We disagree.

Rule 60 (b) (2) is wholly inapplicable to the facts of this case. Rule 60 (b) (2) grants relief by reason of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." It cannot be said to have application where there has been no trial on the merits and no evidence has been presented to the court. *Flett* v. *W.A. Alexander & Co.*, 302 F.2d 321, 324 (7th Cir.), cert. denied, 371 U.S. 841 (1962). *Brown* v. *Pennsylvania R.R.*, 282 F.2d 522, 526-527 (3d Cir. 1960), cert. denied, 365 U.S. 818 (1961). See Reporters' Notes to Mass. R. Civ. P. 60 (b) (2), Mass. Ann. Laws, Rules of Civil Procedure at 586 (1982).

As to Foley's claim that relief from judgment should be granted under rule 60 (b) (6), providing for relief for "any other reason justifying relief from the operation of the judgment," we see no need to disturb the single justice's ruling.

The basis of Foley's assertion before the single justice and the full court is that his prosecution and conviction were barred by the State and Federal Constitutions. However, as we have long held, "[t]he appeal from the judgment of the District Court vacate[s] that judgment, and render[s] immaterial . . . all . . . errors and irregularities in the proceedings there." *Enbinder* v. *Commonwealth*, 368 Mass. 214, 217, cert. denied, 423 U.S. 1024 (1975), quoting *Commonwealth* v. *Holmes*, 119 Mass. 195, 199 (1875). See *Commonwealth* v. *Duquette*, 386 Mass. 834, 846-847 (1982); *Commonwealth* v. *Pope*, 4 Mass.

App. Ct. 854, 854 (1976), and cases cited. Any errors which may have contaminated the bench trial were effectively expunged by the availability of a de novo trial in the District Court jury-of-six session. See *Enbinder* v. *Commonwealth*, 368 Mass. 214, 217-218 (1975). See also *Commonwealth* v. *Eaton*, 11 Mass. App. Ct. 732, 733 (1981). Our conclusion that the availability of an error-free trial de novo provides an adequate remedy for the alleged unconstitutional action by the first tier trial judge was also relied on by the United States Supreme Court in *Boston Mun. Court* v. *Lydon*, 466 U.S. 294 (1984). In that case, the Supreme Court held that it was not a violation of the double jeopardy clause to require a defendant to go through a de novo jury trial, even when it was alleged that the evidence at the bench trial was insufficient to warrant a conviction. The Supreme Court based its decision in large part on the characterization of the bench trial as being "wiped out" and the curative nature of the appeal to a de novo jury trial. *Id.* at 310-312. We find that Foley has presented no claim which justifies relief under rule 60 (b) (6) and we affirm the single justice's denial of the rule 60 (b) motion.

3. Although the single justice was not in error, it is appropriate that we consider the matter under our broader inherent common law and constitutional powers to supervise the administration of justice. See *Matter of DeSaulnier (No. 1)*, 360 Mass. 757, 759 (1971). Our failure to reach the merits of Foley's claim in no way indicates our approval of the District Court judge's conduct in the present case. In *Enbinder* v. *Commonwealth, supra* at 220, where a judge had offered to dismiss the case if the defendant would sign releases of liability, we stated "bargaining of this nature by a trial judge is highly improper."

A number of Federal courts have held releases obtained in exchange for the dismissal of criminal charges invalid. See, e.g., *Rumery* v. *Newton*, 778 F.2d 66, 68 (1st Cir. 1985), cert. granted, 475 U.S. 1118 (1986); *Boyd* v. *Adams*, 513 F.2d 83, 89 (7th Cir. 1975); *Hall* v. *Ochs*, 623 F. Supp. 367, 369 (D. Mass. 1985); *Horne* v. *Pane*, 514 F. Supp. 551, 552 (S.D.N.Y. 1981). In *Rumery,* for example, an individual who

had been arrested for tampering with a witness executed a covenant not to sue the officials connected with his arrest, and the criminal charge against him was dropped. When a civil rights action was later filed, the Federal District Court dismissed the complaint on the basis of the covenant not to sue. The Court of Appeals for the First Circuit reversed, holding that a covenant not to sue police officials voluntarily negotiated in exchange for a decision not to prosecute the claimant on a criminal charge is void as against public policy. The court stated: "Although we recognize the latitude which prosecutors necessarily must have in determining whether to prosecute criminal charges, a criminal defendant's decision to assert a civil rights claim is not a factor which the prosecutor should consider." *Id.* at 70. Cf. *Enbinder* v. *Commonwealth, supra* at 220 ("Determinations of guilt are to be made on the basis of permissible evidence only, and are not to include extraneous matters introduced by the parties or by the judge").

We consider the practice of dismissing criminal complaints on the condition that releases be executed inappropriate, whether undertaken by a judge or a prosecutor.

Because we conclude that the execution of a release cannot be required as a condition of dismissal, we think that requirement must be struck from the trial judge's order. Accordingly, the single justice is to enter judgment ordering the complaint in the District Court to be dismissed.

*So ordered.*