NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11592


ROBERT GALLAGHER  vs.  FIRST ASSISTANT CLERK-MAGISTRATE OF THE
NEWBURYPORT DISTRICT COURT & others.[1]



November 28, 2014



Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Attorney's fees, Small claims procedure.
     District Court, Small claims procedure.



     Robert Gallagher appeals from a judgment of a single
justice of this court dismissing his petition for relief under
G. L. c. 211, § 3.  In his petition, he sought relief from final
judgments entered in two cases in the District Court Department.
In one of the cases, after Gallagher prevailed on a complaint
brought against him under the harassment prevention statute,
G. L. c. 258E, the judge failed to act on his request for
attorney's fees.  In the other case, judgment was entered
against him on a G. L. c. 93A claim that he brought in the small
claims session.

     As to the former case, Gallagher had, but did not pursue,
adequate alternative remedies, both in the trial court and
through the ordinary appellate process.[2]  "Our general

_____

     [1] A Justice of the Lawrence District Court, the clerk-
magistrate of the Lawrence District Court, Stephen D'Angelo,
Mary McCauley-Manzi, and Catherine W. Wnek.

     [2] For example, Gallagher could have moved in the District
Court to amend the judgment to include a ruling on his request
for attorney's fees, bringing to the judge's attention what
might have been an inadvertent failure to rule on the request.
He also could have appealed to the Appellate Division from the
failure of the judgment to include an award of fees as he has

superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  See Foley v. Lowell Div. of the Dist. Ct. Dep't, 398 Mass. 800, 802 (1986), and cases cited ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied").

As to the latter case, it is well established that "a plaintiff who chooses to proceed in the small claims session waives the right to appeal from any adverse judgment, and likewise is not entitled to invoke this court's extraordinary power of general superintendence in lieu of an appeal to compel review of the judgment."  Zullo v. Culik Law P.C., 467 Mass. 1009, 1009 (2014), and cases cited.  The single justice properly declined to grant extraordinary relief.[3]

Judgment affirmed.

The case was submitted on briefs.
Robert J. Gallagher, pro se.
Bryan F. Bertram, Assistant Attorney General, for the Commonwealth.

---

requested.  Gallagher asserts that he did not take an appeal in reliance on counsel's advice.  Even if so, this does not entitle him to extraordinary relief.  Review was available, even if Gallagher and his counsel failed to pursue it.

[3] We need not address the single justice's further ruling that certain of the respondents are entitled to judicial immunity in this matter.